1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

8
9
10
11
12
13
14

GLOBAL HARVEST FOODS, LTD., a
Washington corporation, and GLOBAL
HARVEST OF COLORADO LLC, a Nevada
limited liability company,

               Plaintiffs,

        v.

DES MOINES FEED COMPANY, an Iowa
corporation,

               Defendant.

NO. _____

COMPLAINT FOR TRADEMARK
INFRINGEMENT AND UNFAIR
COMPETITION

15
16
17
18

     Plaintiffs Global Harvest Foods, Ltd. and Global Harvest of Colorado LLC (collectively "Global Harvest" or the "Plaintiffs") by and through their attorneys, bring this Complaint against Defendant Des Moines Feed Company ("Des Moines" or the "Defendant") and allege as follows:

## I.    INTRODUCTION

19
20
21
22
23

    1.    This is an action for trademark infringement, false advertising activities, false designation of origin, false description and representation of visual designs, unfair or deceptive acts or practices, common law unfair competition, imposition of a constructive trust, and an accounting of Defendant's ill-gotten gains.

24
25
26

    2.    On information and belief, Defendant has used, and is using, the AUBDUBON BRAND mark for its wild bird seed in spite of the United States Patent and Trademark's Office's ("USPTO") rejection of the Defendant's application for use of the mark as confusingly similar to the AUDUBON Marks owned by Global Harvest.

COMPLAINT FOR TRADEMARK INFRINGEMENT AND
UNFAIR COMPETITION – 1

GLO015-0008 4533817

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

3.     On information and belief, Defendant subsequently distributed the falsely designated seed to customers who were unaware they were not buying the true AUDUBON wild bird seed and were harmed as a result of Defendant's conduct.

4.     On information and belief, Defendant's false advertising was a systematic part of its business operations.

## II.     PARTIES

5.     Global Harvest Foods, Ltd., is a Washington corporation with its principal place of business in Tukwila, Washington.  Global Harvest develops, markets, and distributes AUDUBON®, AUDUBON PARK®, and AUDUBON FRIENDS® (collectively, the "AUBUBON Marks") brands of bird food, wildlife food, and feeders (collectively, "Plaintiffs' Goods").

6.     Global Harvest of Colorado LLC, is a Nevada limited liability company.  Global Harvest Foods, Ltd. is its sole member.  Global Harvest of Colorado LLC is the registrant and owner of record of the AUDUBON Marks.

7.     On information and belief, Defendant is a corporation organized under the laws of the State of Iowa, with a principal place of business in Des Moines, Iowa.

## III.     JURISDICTION AND VENUE

8.     This Court has personal jurisdiction over Defendant because it purposefully directed its activities at Washington, and Global Harvest's claims arise from those activities. On information and belief, Defendant has conducted business activities in, and directed to, Washington, is the primary participant in tortious acts in, and directed to, Washington, and has purposely availed itself of the opportunity to conduct commercial activities in this forum.

9.     This Court has subject matter jurisdiction over Plaintiffs' federal claims under 15 U.S.C. §§ 1121 and 28 U.S.C. §§ 1331 and 1338.  This Court has jurisdiction over state unfair competition and trademark claims under 28 U.S.C. §1338(b).  This Court also has

COMPLAINT FOR TRADEMARK INFRINGEMENT AND
UNFAIR COMPETITION – 2

GLO015-0008 4533817

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

1

2

jurisdiction under 28 U.S.C. § 1332, as the parties are citizens of different states and the amount in controversy exceeds $75,000.

3

4

10.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because Defendant is subject to the court's personal jurisdiction with respect to this action.

5

6

### IV.     FACTUAL BACKGROUND

#### A.     Global Harvest and the AUDUBON Marks.

7

8

9

10

11

12

13

14

11.     Global Harvest first commenced sales of bird food under the AUDUBON PARK mark in May of 1958, and registered it on December 1, 1959, for "wild bird seed mixture" in International Class 031, receiving U.S. Trademark Registration No. 0689191. Global Harvest of Colorado is the registrant and owner of record for U.S. Trademark Registration No. 0689191, for which combined declarations of use and incontestability under Sections 8 and 15 of the Trademark Act were filed on December 18, 1964.  U.S. Trademark No. 0689191 is valid and incontestable and was renewed under Sections 8 and 9 of the Trademark Act on December 1, 1979, October 30, 1999, and November 14, 2009.

15

16

17

18

19

20

21

22

12.     Global Harvest of Colorado is the registrant and owner of record for U.S. Trademark Registration No. 1478920 for the trademark AUDUBON.   U.S. Trademark Registration No. 1478920 was registered on March 1, 1988, for "wild bird food and sunflower seeds, bird food" in International Class 031, with a first use in commerce in February of 1980 and with combined declarations of use and incontestability under Sections 8 and 15 of the Trademark Act being filed on January 28, 1994.  U.S. Trademark Registration No. 1478920 is valid and incontestable and was renewed under Sections 8 and 9 of the Trademark Act on February 13, 2008.

23

24

25

26

13.     Global Harvest of Colorado is the registrant and owner of record for U.S. Trademark Registration No. 1890080 for the trademark AUDUBON PARK & Design.    U.S. Trademark Registration No. 1890080 was registered on April 18, 1995, for "wild bird food and sunflower seeds birdfood" in International Class 031, with a first use in commerce in

COMPLAINT FOR TRADEMARK INFRINGEMENT AND
UNFAIR COMPETITION – 3

GLO015-0008 4533817

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

1
2
3
4

December of 1989 and with declarations of use and incontestability under Sections 8 and 15 of the Trademark Act being filed April 20, 2000.  U.S. Trademark Registration No. 1890080 is valid and incontestable and was renewed under Sections 8 and 9 of the Trademark Act on December 11, 2014.

5
6
7
8
9
10
11
12

14.     Global Harvest of Colorado LLC is the registrant and owner of U.S. Trademark Registration No. 2230812, for the trademark AUDUBON FRIENDS & Design. U. S. Trademark Registration No. 2230812 was registered on March 9, 1999, for "wild bird feed and sunflower seeds" in International Class 031, with a first use in commerce on August 15, 1996, and with declarations of use and incontestability under Sections 8 and 15 of the Trademark Act being filed on March 1, 2005.  U.S. Trademark Registration No. 2230812 is valid and incontestable and was renewed under Sections 8 and 9 of the Trademark Act on March 13, 2009.

13
14
15
16
17
18
19
20

15.     Global Harvest of Colorado LLC is the registrant and owner of U.S. Trademark Registration No. 2290950 for the trademark AUDUBON PARK & Design.  U.S. Trademark Registration No. 2290950 was registered November 9, 1999, for "wild bird feed and sunflower seeds" in International Class 031, with a first use in commerce on August 15, 1995, and with declarations of use and incontestability under Sections 8 and 15 of the Trademark Act being filed November 14, 2005.  U.S. Trademark Registration No. 2290950 is valid and incontestable and was renewed under Sections 8 and 9 of the Trademark Act October 19, 2009.

21
22

16.     Examples of the AUDUBON Marks as they currently appear in commerce can be seen below:

23
24
25
26

COMPLAINT FOR TRADEMARK INFRINGEMENT AND
UNFAIR COMPETITION – 4

GLO015-0008 4533817

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020









True and correct copies of the Certificates of Registration are attached hereto as Exhibit A.

17.     Global Harvest acquired common law trademark rights to the AUDUBON Marks through their use of the marks in United States interstate commerce.  The AUDUBON Marks appear in the advertising and marketing materials of Plaintiffs' online and brick and mortar retailers, on the product packaging for Plaintiffs' Goods, and on Plaintiffs' ghfoods.com website.  The Plaintiffs' AUDUBON Marks have been featured in magazines with a national circulation, such as Better Homes and Gardens, and local newspapers with national significance, such as the Chicago Tribune, among other, specialty publications.

COMPLAINT FOR TRADEMARK INFRINGEMENT AND
UNFAIR COMPETITION – 5

GLO015-0008 4533817

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

18.     Global Harvest distributes its products through more than 100 retail business partners throughout the United States, including hardware channels, such as Tractor Supply; mass merchants, such as Fred Meyer; clubs, such as Costco; pet channels, such as Purina; and grocery stores, such as Safeway and Kroger.

19.     To create and maintain goodwill among its customers and to protect its valuable trademarks, Plaintiffs have taken substantial steps to ensure that Plaintiffs' Goods are of the highest quality and in 2013 led the industry as an early adopter of the FDA's Food Safety Modernization Act (FSMA).

20.     Plaintiffs have not authorized the transfer, assignment, or license of any of its intellectual property rights to Defendant, including without limitation, the AUDUBON Marks.

**B.     Defendant's Infringing Use.**

21.     Upon information and belief, Defendant is a maker and retailer of wild bird, pigeon, cage bird, and wildlife food mixes (collectively, "Defendant's Goods").

22.     Upon information and belief, Defendant has sold, and continues to sell, Defendant's Goods under the AUDUBON and AUDUBON BRAND trademarks.

23.     Upon information and belief, Defendant uses the AUDUBON and AUDUBON BRAND trademarks to advertise and promote Defendant's Goods.  A current example of this trademark use, taken from Defendant's desmoinesfeed.com website, can be seen below:

COMPLAINT FOR TRADEMARK INFRINGEMENT AND
UNFAIR COMPETITION – 6

GLO015-0008 4533817

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

1

2

3

4

5

6

7

8

9

10



11        24.    On or about December 2, 2016, Plaintiffs discovered Defendant's AUDUBON

12    and AUDUBON BRAND bird food for sale at a Plaintiffs' franchisee retail location.

13    Plaintiffs had no prior knowledge of Defendant's use of the AUDUBON and AUDUBON

14    BRAND trademarks by Defendant.

15        25.    On or about January 13, 2017, Plaintiffs sent a cease and desist letter to

16    Defendant.

17        26.    Upon information and belief, despite Plaintiffs' request that Defendant cease

18    all use of "Audubon" in connection with bird and wildlife food, Defendant continues to

19    advertise, market, and sell the AUDUBON and AUDUBON BRAND products on its website

20    and throughout various third party retail channels.

21        27.    Upon information and belief, Defendant has had actual knowledge of

22    Plaintiffs' AUDUBON Marks since at least as early as 1997, when Defendant's federal

23    trademark application for THE AUDUBON BRAND WILD BIRD FEED BLENDS DES

24    MOINES ATTRACTION AUDUBON BRAND FEED & Design, U.S. Ser. No. 75281066,

25    was refused registration by the United States Patent and Trademark Office.

26

COMPLAINT FOR TRADEMARK INFRINGEMENT AND        **CARNEY BADLEY SPELLMAN, P.S.**
UNFAIR COMPETITION – 7                                701 Fifth Avenue, Suite 3600
                                                        Seattle, WA 98104-7010
GLO015-0008 4533817                                       (206) 622-8020

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

28.    Defendant's AUDUBON and AUDUBON BRAND trademarks are confusingly similar to Plaintiffs' AUDUBON Marks.   Defendant's AUDUBON and AUDUBON BRAND trademarks are being used on related, if not identical, goods.

29.    Upon information and belief, the goods offered, promoted, advertised, and sold by Defendant under the AUDUBON and AUDUBON BRAND trademarks are in the same channels of trade and to the same customers as Plaintiffs' AUDUBON Marks, and as such, are competitive goods.

30.    Upon information and belief, Defendant's use of the confusingly similar AUDUBON and AUDUBON BRAND trademarks is likely to cause confusion on the part of the consuming public.

31.    Due to Defendant's willful infringement and refusal to cease and desist, Plaintiffs are left with no choice but to file this lawsuit seeking injunctive relief and damages that have resulted from Defendant's acts of trademark infringement and unfair competition.

## V.    FIRST CLAIM FOR RELIEF
### Trademark Infringement – 15 U.S.C. § 1114

16
17

32.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 to 31 above, as if fully set forth herein.

18
19

33.    Defendant's activities constitute infringement of Plaintiffs' federally registered trademarks as listed above.

20
21
22

34.    Plaintiffs advertise, market, present, and sell its goods under the AUDUBON Marks, and use these trademarks to distinguish Plaintiffs' goods from the goods of others in the same field or related fields.

23
24
25

35.    Because of Plaintiffs' long, continuous, and exclusive use of the AUDUBON Marks, the Marks have come to mean, and are understood by consumers, to signify goods of Plaintiffs.

26

COMPLAINT FOR TRADEMARK INFRINGEMENT AND
UNFAIR COMPETITION – 8

GLO015-0008 4533817

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

36.     The infringing goods that Defendant has and is continuing to sell are likely to cause confusion, mistake, or deception as to their source, origin, or authenticity.

37.     Defendant had knowledge of Plaintiffs' prior use and registration of Plaintiffs' AUDUBON marks for wild bird food, but has nevertheless used and continues to use Plaintiffs' trademarks without authorization and in disregard of Plaintiffs' rights.

38.     At a minimum, Defendant acted with willful blindness to, or in reckless disregard of, Plaintiffs' registered marks.

39.     As a result of Defendant's wrongful conduct, Plaintiffs are entitled to recover their actual damages, Defendant's profits attributable to the infringement, and treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117 (a) and (b).  Alternatively, Plaintiffs are entitled to statutory damages under 15 U.S.C. § 1117 (c).  Plaintiffs are further entitled to injunctive relief and an order compelling the impounding of all infringing materials. Plaintiffs have no adequate remedy at law for Defendant's wrongful conduct because, among other things: (a) Plaintiffs' trademarks are unique and valuable property that have no readily determinable market value; (b) Defendant's infringement constitutes harm to Plaintiffs' reputation and goodwill such that Plaintiffs could not be made whole by any monetary award; (c) if Defendant's wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the infringing materials; and (d) Defendant's wrongful conduct, and the resulting harm to Plaintiffs, is continuing.

## VI.     SECOND CLAIM FOR RELIEF
### Lanham Act Unfair Competition, False Endorsement and
### False Designation of Origin
### 15 U.S.C. § 1125(a) et seq.

40.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 to 39 above, as if fully set forth herein.

COMPLAINT FOR TRADEMARK INFRINGEMENT AND
UNFAIR COMPETITION – 9

GLO015-0008 4533817

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

41.     Plaintiffs advertise, market, present, and sell their goods under the AUDUBON Marks, and use these trademarks to distinguish Plaintiffs' goods from the goods of others in the same field or related fields.

42.     Because of Plaintiffs' long, continuous, and exclusive use of the AUDUBON Marks, the Marks have come to mean, and are understood by consumers, to signify goods of Plaintiffs.

43.     Upon information and belief, Defendant's wrongful conduct includes the use of trademarks which are the same, or nearly the same, as Plaintiffs' AUDUBON Marks.

44.     Upon information and belief, Defendant's wrongful conduct misleads and confuses customers and the public as to their origin and authenticity of the goods advertised, marketed, presented, sold, and distributed in connection with Plaintiffs' AUDUBON Marks, and wrongfully trades upon Plaintiffs' goodwill and business reputation.  Defendant's conduct constitutes (a) false designation of origin, (b) false or misleading description of fact, and (c) false or misleading representation of fact, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) et seq.

45.     As a direct result of Defendant's violation of 15 U.S.C. §§ 1125(a) et seq., Plaintiffs have sustained, and will continue to sustain, substantial injury, loss and damages, including damage to their business reputation and goodwill.

46.     As a direct result of Defendant's wrongful conduct, Plaintiffs are entitled to recover their actual damages, Defendant's profits, treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117.

47.     Plaintiffs are also entitled to injunctive relief enjoining Defendant's wrongful conduct pursuant to 15 U.S.C. § 1125(a).  Plaintiffs have no adequate remedy at law for Defendant's wrongful conduct because, among other things, Defendant's infringement causes harm to Plaintiffs such that Plaintiffs could not be made whole by any monetary award.  If Defendant's wrongful conduct is allowed to continue, the public is likely to become further

COMPLAINT FOR TRADEMARK INFRINGEMENT AND
UNFAIR COMPETITION – 10

GLO015-0008 4533817

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

1
2
3
4
5
6

confused, mistaken, or deceived as to the source, origin, or authenticity of the infringing materials; and Defendant's wrongful conduct, and the resulting damage to Plaintiffs, is continuing.

## VII.   THIRD CAUSE OF ACTION
### Washington State Unfair Competition
### RCW §§ 19.86.010

7
8

48.      Plaintiffs repeat and reallege each and every allegation in paragraphs 1 to 47 above, as if fully set forth herein.

9
10
11
12

49.      Defendant has misled and confused its customers and the public as to the origin and authenticity of the goods and serves it advertised – including promising or implying through advertisements and marketing materials that Defendant sells the AUDUBON brand bird seed.

13
14
15
16

50.      Defendant's conduct constitutes unfair and deceptive acts and practices in the conduct of trade or commerce.  Defendant's conduct has the capacity to deceive a substantial portion of the public to whom that conduct is directed because, on information and belief, Defendant's customers believe they are purchasing Plaintiffs' goods.

17
18
19
20
21

51.      Defendant's acts and practices are injurious to the public interest because Defendant, in the course of its business, continuously advertised to and solicited the general public throughout the United States to purchase wild bird seed from Defendant by expressly or implicitly promising, among other things, that its products were genuine AUDUBON goods.

22
23
24
25

52.      As a result of Defendant's wrongful conduct, Plaintiffs were injured in their business or property, including without limitation (a) reputational injury and loss of business goodwill, and (b) displaced sales of genuine AUDUBON goods, as a result of the sale of unlicensed wild bird seed.

26

COMPLAINT FOR TRADEMARK INFRINGEMENT AND
UNFAIR COMPETITION – 11

GLO015-0008 4533817

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

53.     In addition, because Defendant's unfair trade practice is willful, the award of actual damages and profits should be trebled pursuant to RCW 19.86.090 and should include appropriate attorneys' fees and costs.

## VIII.   FOURTH CAUSE OF ACTION
### Accounting

54.     Plaintiffs are entitled, pursuant to 17 U.S.C. § 504 and 15 U.S.C. § 1117, to recover any and all profits of Defendant that are attributable to the acts of infringement.

55.     The amount of money due from Defendant to Plaintiffs is unknown to Plaintiffs and cannot be ascertained without a detailed accounting by Defendant of the precise number of units of infringing goods advertised, marketed, sold, or distributed by Defendant.

## IX.     FIFTH CAUSE OF ACTION
### Common Law Unfair Competition

56.     Global Harvest advertises, markets, distributes, and licenses its wild bird seed and related products under the trademarks described above, and uses these trademarks to distinguish Global Harvest's bird seed and related products from the wild bird seed or products of others in the same field or related fields.

57.     Because of Global Harvest's long, continuous, and exclusive use of these trademarks, they have come to mean, and are understood by customers, end users, and the public to signify wild bird seed and related products from Global Harvest.

58.     Global Harvest has also designed distinctive and aesthetically pleasing displays, logos, icons, and graphic images (collectively, "Global Harvest visual designs") for its wild bird seed and related products.

59.     On information and belief, Defendant's wrongful conduct includes passing off infringing materials as genuine Global Harvest wild bird seed or related products approved or authorized by Global Harvest.

COMPLAINT FOR TRADEMARK INFRINGEMENT AND
UNFAIR COMPETITION – 12

GLO015-0008 4533817

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

60.     In distributing unauthorized wild bird seed, Defendant has used Global Harvest's name or marks in a way that is likely to deceive, and indeed has deceived, the public.

61.     As a direct and proximate result of Defendant's unfair competition, Global Harvest was injured in its business or property, including without limitation, (a) reputational injury and loss of business goodwill, and (b) displaced sales of Plaintiffs' goods as a result of the sale of unauthentic and unauthorized wild bird seed, in an amount to be proved at trial.

## X.     SIXTH CAUSE OF ACTION
### Imposition of a Constructive Trust

62.     Defendant's conduct constitutes deceptive and wrongful conduct in the nature of passing off the infringing materials as genuine Global Harvest wild bird seed or related products approved or authorized by Global Harvest.

63.     By virtue of Defendant's wrongful conduct, Defendant has illegally received money and profits that rightfully belong to Plaintiffs.

64.     On information and belief, Defendant holds the illegally received money and profits in the form of bank accounts, real property, or personal property that can be located and traced. All such money and profits, in whatever form, are held by Defendant as a constructive trustee for Plaintiffs.

## XI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against the Defendant and for the following relief:

1.     That the Court enter a judgment against Defendant finding that it has:

    a.     willfully infringed Plaintiffs' trademark rights;

    b.     engaged in acts of unfair competition; and

    c.     otherwise injured the business reputation and business of Plaintiffs by the acts and conduct set forth in this Complaint.

COMPLAINT FOR TRADEMARK INFRINGEMENT AND
UNFAIR COMPETITION – 13

GLO015-0008 4533817

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

1

2          2.       That the Court issue permanent injunctive relief against Defendant, enjoining

3     Defendant and all persons acting in concert with Defendant from using the AUDUBON

4     Marks, or any other trademarks that are similar to the AUDUBON Marks, which are in any

5     way causing actual confusion, likelihood of confusion, deception, or mistake as to the source,

6     nature, or quality of Defendant's goods.

7          3.       For any and all actual damages, trebled, that were sustained by Plaintiffs, in an

8     amount to be determined at trial;

9          4.       For all of Defendant's profits wrongfully derived from its intentional and

10    willful infringement of Plaintiffs' trademark rights;

11         5.       For exemplary and punitive damages to deter any future willful infringement

12    as the Court finds appropriate;

13         6.       For costs of suit herein;

14         7.       For reasonable attorneys' fees; and

15         8.       For any other relief as the Court deems proper.

16         RESPECTFULLY SUBMITTED this 26th day of September, 2017.

17

18                                              _/s/ Emilia L. Sweeney_
                                                Emilia L, Sweeney, WSBA No. 23371

19                                              _/s/ Ashley K. Long_
                                                Ashley K. Long, WSBA No. 45738

20

21                                              Attorneys for Plaintiffs
                                                CARNEY BADLEY SPELLMAN, P.S.

22                                              701 Fifth Avenue, Suite 3600
                                                Seattle, WA 98104

23                                              Phone:       (206) 622-8020
                                                Facsimile:   (206) 467-8215

24                                              Email:       Sweeney@carneylaw.com
                                                             Long@carneylaw.com

25

26

COMPLAINT FOR TRADEMARK INFRINGEMENT AND            **CARNEY BADLEY SPELLMAN, P.S.**
UNFAIR COMPETITION – 14                                701 Fifth Avenue, Suite 3600
                                                         Seattle, WA 98104-7010
GLO015-0008 4533817                                        (206) 622-8020